Filed 12/16/25  In re Y.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| In re Y.S., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>R.R.,<br><br>　　Defendant and Appellant. | G065782<br><br>(Super. Ct. No. 25DP0674)<br><br>O P I N I O N |

　　　　　Appeal from orders of the Superior Court of Orange County, Michael Mooney, Judge. Affirmed.

　　　　　Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Leon J. Page, County Counsel, Debbie Torrez and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

　　　　　No appearance for the Minor.

Father R.R. challenges the juvenile court's assertion of jurisdiction over his eight-year-old daughter, Y.S., based on his sexual abuse of his stepdaughter, Y.S.'s half sister, I.S. He contends the evidence did not support the court's finding that the abuse was "severe." Finding no error, we affirm.

FACTS

The half sister reported in 2025 that Father had sexually abused her three years earlier, when she was 14 years old. During an interview with police and a social worker, the half sister explained that at the time of the abuse, the family lived in cramped quarters—she shared a single bedroom with Y.S., their mother, and Father. On multiple occasions over the course of several months, Father would touch her breasts and vagina over her pajamas as she slept. He did not penetrate her vagina and did not move his hands when touching it. Father would stop and walk away whenever the half sister stirred.

Later in the same interview, the half sister changed her account and said Father touched her only once. When asked about her prior description of incidents occurring over several months, the half sister said she had been confused. The social worker noted that the half sister appeared guarded and was reluctant to share more information. In response to the social worker's question, the half sister confirmed this was because she feared breaking up the family and began to cry.

During subsequent interviews, the half sister denied any sexual abuse and alternately claimed she had been having flashbacks from prior instances of sexual abuse (unrelated to Father) or had lied because she was angry with Father for cheating on her mother. Father denied any sexual

abuse. He said he regarded the half sister as his daughter because he raised her.

The Orange County Social Services Agency filed a child welfare petition for both the half sister and Y.S. (Welf. & Inst. Code, § 300.)[1] As to Y.S., the petition alleged Father's sexual abuse of her half sister placed her at substantial risk of being sexually abused. The juvenile court ordered Y.S. detained from Father's custody and allowed her to remain in her mother's care.

At a combined jurisdictional and dispositional hearing, Father confirmed that he had previously shared a room with the half sister, Y.S., and their mother, with the two young girls sharing a bed. He denied sexually abusing either child and testified that the half sister found out about his infidelity before making her allegations. The half sister testified she had lied about Father sexually abusing her because she was upset about his infidelity.

The juvenile court sustained the petition as to Y.S. under section 300, subdivision (j) (abuse of sibling), among other grounds.  The court declared her a dependent of the court, finding her at substantial risk of abuse. It found the half sister's initial reporting of sexual abuse more credible than her later, inconsistent recantations. It found Father's testimony not credible.

The court noted that the severity of abuse of a sibling was a critical factor in deciding if jurisdiction was appropriate as to the other sibling. It found that Father's sexual abuse of the half sister was "such a severe type of sibling abuse," that it "lower[ed] the required probability of [Y.S.] experiencing such abuse."

---

[1] All statutory references are to this code.

At disposition, the court ordered family maintenance services. It found the evidence insufficient to justify removing Y.S. from Father's care, noting she would continue to have regular contact with mandated reporters.

DISCUSSION

Father's sole contention is that the evidence did not support the juvenile court's finding that his sexual abuse of the half sister was "severe." We disagree.

A juvenile court may assert jurisdiction over a child if the parent has sexually abused the child's sibling and there is a substantial risk that the child will be abused or neglected. (§ 300, subds. (d) & (j).) In deciding if there is a substantial risk to the child, the court must consider the circumstances surrounding the sibling's abuse and the age and gender of each child, among other factors. (§ 300, subd. (j).)

In addition to the probability of harm to the child, the court must consider its magnitude. "[T]he more severe the type of sibling abuse, the lower the required probability of the child's experiencing such abuse to conclude the child is at a substantial risk of abuse or neglect under section 300. If the sibling abuse is relatively minor, the court might reasonably find insubstantial a risk the child will be similarly abused; but as the abuse becomes more serious, it becomes more necessary to protect the child from even a relatively low probability of that abuse." (*In re I.J.* (2013) 56 Cal.4th 766, 778.) We review the juvenile court's jurisdictional findings for substantial evidence on appeal, viewing the record in the light most favorable to them. (*Id.* at p. 773.)

The evidence amply supported the juvenile court's finding that Father's abuse of the half sister was "severe." The half sister described Father touching her breasts and vagina over her pajamas as she slept. The

4

court was entitled to credit her initial report that this happened multiple times over several months.[2] (*In re E.G.* (2025) 112 Cal.App.5th 707, 722 [juvenile court reasonably believed initial reports of abuse, despite later recantation].) Father's repeated betrayal of his parent-child relationship with the half sister was by no means relatively minor.[3] (*See In re I.J., supra*, 56 Cal.4th at p. 778 [parent's sexual abuse of child is "a fundamental betrayal of the appropriate relationship between the generations" and abandonment of parental role].)

We do not accept Father's characterization of his conduct as being "well on the mild side" of sexual abuse. Regardless, a parent's sexual abuse of their child does not have to be near the highest end of aberrant sexual behavior to be severe abuse of the child, supporting a finding of substantial risk to a sibling. (See *In re P.A.* (2006) 144 Cal.App.4th 1339, 1341, 1347 [upholding jurisdiction over sons based on father's sexual abuse of daughter by touching her vagina on top of underwear].)

Aside from the magnitude of the potential harm, the evidence supported a significant likelihood that Y.S. would suffer harm. She was, of course, the same gender as the half sister. (Cf. *In re P.A., supra*, 144 Cal.App.4th at p. 1347.) Father abused the half sister as Y.S. slept next to her in the same bed and could have woken up to witness the abuse. (*In re Ana C.* (2012) 204 Cal.App.4th 1317, 1332 [siblings at risk where they could

_____

[2] As noted, the half sister became emotional during her initial interview, admitted she was reluctant to disclose the abuse because she feared breaking up the family, and appeared guarded when questioned—all factors supporting the reliability of her initial disclosure over her later minimizing account and outright denials.

[3] Though Father was the half sister's stepfather, he raised her and regarded her as his daughter.

have witnessed abuse].) And Father continued to deny the abuse, increasing the chances of similar conduct. (*In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["One cannot correct a problem one fails to acknowledge"].) Given this record, we find no error in the juvenile court's jurisdictional findings.

## DISPOSITION

The jurisdictional findings and dispositional orders are affirmed.

SCOTT, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.